UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WARREN P. PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY PERKINS,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Case No. 2:25-cv-00034<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Warren P. Phillips brought this case against Zachary Perkins, alleging:

> Defendant illegally stole my identity and traded my crypto wallet with unknown sums being removed other than hard costs, with the use of a trading bot and benefited using my identity for unknown amounts and profits that are yet to be disclosed. Defendant also intended to conceal from me cash and trading by failing to declare any profits from a rapidly expanding crypto market.[1]

Because Mr. Phillips failed to allege any claim over which the court has subject matter jurisdiction, the court ordered Mr. Phillips to show cause why this action should not be dismissed for lack of jurisdiction.[2] The court pointed out that Mr. Phillips failed to establish federal question jurisdiction because his complaint appears to only bring state law claims.[3] The court also noted Mr. Phillips failed to establish diversity jurisdiction

---

[1] (Compl. 4, Doc. No. 1.)

[2] (*See* Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction, Doc. No. 3.)

[3] (*See id.* at 2.)

because his complaint alleges both he and Mr. Perkins are citizens of Utah.[4]  Mr. Phillips filed a response to the order to show cause.[5]  As explained below, Mr. Phillips' response fails to remedy the deficiencies in his complaint.  Accordingly, the undersigned[6] recommends the district judge dismiss this action without prejudice for lack of subject matter jurisdiction.

ANALYSIS

Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[7]  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[8]  In general, a plaintiff may establish subject matter jurisdiction in one of two ways—first, a plaintiff may establish federal question jurisdiction by bringing a claim arising under federal law.[9]  Alternatively, a plaintiff may establish diversity jurisdiction by alleging no plaintiff is a citizen of the same state as any defendant and

---

[4] (*See id.*)

[5] (*See* Pl.'s Legal Br. Establishing Subject Matter Jurisdiction ("Resp. to OSC"), Doc. No. 4.)

[6] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 6.)

[7] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[8] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[9] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

the amount in controversy exceeds $75,000.[10]  Mr. Phillips establishes neither federal question or diversity jurisdiction.

### I. Federal question jurisdiction

In his complaint, Mr. Phillips appears to allege identify theft, fraud, and unjust enrichment claims.  As noted in the order to show cause, there is no federal law providing a private cause of action for identity theft, fraud, or unjust enrichment.[11]  In response, Mr. Phillips argues his "unjust enrichment claim implicates federal laws or constitutional principles" because his "funds were derived from activities regulated by federal statutes (e.g., intellectual property, federal contracts)."[12]  But Mr. Phillips does not explain how his unjust enrichment claim *arises under* these (unidentified) federal laws.  It is unclear how federal intellectual property or "federal contracts" statutes provide a cause of action for Mr. Phillips' claim that Mr. Perkins "illegally and without authority stole [Mr. Phillips'] identity in order to unjustly enrich himself."[13]  Nor does Mr.

---

[10] *See* 28 U.S.C. § 1332(a).

[11] *See Walker v. Jackson*, No. 24-CV-2574, 2024 U.S. Dist. LEXIS 142644, at *7 (E.D. Pa. Aug. 12, 2024) (unpublished) (noting there is no "private federal law cause of action for identity theft"); *Yoakum v. Zmuda*, No. 21-3017, 2021 U.S. Dist. LEXIS 85844, at *4 (D. Kan. May 5, 2021) (unpublished) ("To the extent Plaintiff is alleging fraud, it is a state law claim that must be brought in state court." (citing *Lucero v. Gordon*, 786 F. App'x 833, 836–37 (10th Cir. 2019) (unpublished))); *Malmstrom v. Dep't of Children & Fams.*, No. 1:17-cv-00080, 2018 U.S. Dist. LEXIS 21772, at *14 (D. Utah Jan. 11, 2018) (unpublished) ("To the extent [the plaintiff] attempts to allege an unjust enrichment claim, it too constitutes a state law claim." (citing *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1127 (10th Cir. 2003))).

[12] (Resp. to OSC, Doc. No. 4 at 1.)

[13] (Compl. 5, Doc. No. 1); *cf. Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003))).

Phillips explain how any of his other claims arise under federal law.[14]  Where Mr. Phillips does not identify any claim arising under federal law, he fails to establish federal question jurisdiction.

## II. Diversity jurisdiction

As explained in the order to show cause, Mr. Phillips fails to establish diversity jurisdiction, where his complaint alleges both he and Mr. Perkins are citizens of Utah.[15]  Mr. Phillips' response to the order to show cause fails to remedy this deficiency—Mr. Phillips merely states he and Mr. Perkins are both "US citizen[s], residing or headquartered in Salt Lake City."[16]

## RECOMMENDATION

Because Mr. Phillips fails to establish federal question or diversity jurisdiction, the undersigned recommends this action be dismissed without prejudice[17] for lack of subject matter jurisdiction.

---

[14] Mr. Phillips' response to the order to show cause also states that "[t]o the extent Plaintiff's unjust enrichment claim is grounded in state law, the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367, as the claim forms part of the same case or controversy."  (Resp. to OSC, Doc. No. 4 at 1.)  But where the court does not have original jurisdiction over any of Mr. Phillips' claims, supplemental jurisdiction is improper.  *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction").

[15] (*See* Compl. 3, Doc. No. 1 (alleging Mr. Phillips and Mr. Perkins are both citizens of Utah)); *see also Grynberg v. Kinder Morgan Energy*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.").

[16] (*See* Resp. to OSC, Doc. No. 4 at 1.)

[17] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).

Mr. Phillips has the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[18]

DATED this 28th day of January, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[18] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).